IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



KENDINYA HALL,

    Petitioner,

v.                              Civil Action No. 3:16cv123

HAROLD CLARKE,

    Respondent.

**REPORT AND RECOMMENDATION**

Kendinya Hall, a Virginia state prisoner proceeding pro se, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1) challenging his convictions in the Circuit Court for the City of Norfolk, Virginia ("Circuit Court"). The matter is before the Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). For the reasons that follow, it is RECOMMENDED that the § 2254 Petition be DENIED as barred by the statute of limitations.

A.   Procedural History and Hall's Claims

Following a bench trial on April 26, 2011, Hall was convicted of one count of armed statutory burglary, one count of robbery, two counts of use of a firearm in the commission of a felony, and one count of conspiracy. Commonwealth v. Hall, Nos. CR09002990-00 through CR09002990-04, at 1-2 (Va. Cir. Ct. May 24, 2011). On October 5, 2012, the Circuit Court sentenced Hall to a total sentence of 58 years, with 42 years and 11

months suspended. Commonwealth v. Hall, Nos. CR09002990-00 through CR09002990-04, at 2 (Va. Cir. Ct. Oct. 25, 2012). On January 16, 2013, the Circuit Court entered final judgment against Hall. Commonwealth v. Hall, Nos. CR09002990-00 through CR09002990-04, at 1-3 (Va. Cir. Ct. Jan. 16, 2013).[1] Hall appealed. On November 26, 2013, the Supreme Court of Virginia refused Hall's petition for appeal. Hall v. Commonwealth, No. 131223, at 1 (Va. Nov. 26, 2013). On March 7, 2014, the Supreme Court of Virginia denied Hall's petition for rehearing. Hall v. Commonwealth, No. 131223, at 1 (Va. Mar. 7, 2014).

On May 19, 2015, Hall filed a petition for a writ of habeas corpus with the Circuit Court. Petition for Writ of Habeas Corpus at 1, Hall v. Commonwealth, No. CL15005310-00 (Va. Cir. Ct. filed May 19, 2015). On October 9, 2015, the Circuit Court denied and dismissed Hall's petition. Hall v. Commonwealth, No. CL15005310-00, at 2 (Va. Cir. Ct. Oct. 9, 2015). Specifically, the Circuit Court found that Hall's "petition is

---

[1] The Circuit Court entered final judgment by Sentencing Order on October 25, 2012. Commonwealth v. Hall, Nos. CR09002990-00 through CR09002990-04, at 1-3 (Va. Cir. Ct. Oct. 25, 2012). On January 16, 2013, however, the Circuit Court entered an Amended Sentencing Order. Commonwealth v. Hall, Nos. CR09002990-00 through CR09002990-04, at 1-3 (Va. Cir. Ct. Jan. 16, 2013). The parties fail to explain how the Amended Sentencing Order affects the finality of Hall's convictions. Accordingly, in an abundance of caution, the Court uses the January 16, 2013 Amended Sentencing Order as the date that final judgment was entered.

barred by the statute of limitations, Virginia Code § 8.01-654(A)(2)." Id. Hall did not appeal the Circuit Court's denial of his petition for a writ of habeas corpus.

On or about February 14, 2016, Hall filed his § 2254 Petition in this Court.[2] (§ 2254 Pet. 18.)[3] In his § 2254 Petition, Hall asserts the following claims for relief:

| | |
|---|---|
| Claim One: | "The [Circuit] Court erred in convicting Hall in violation of his double jeopardy rights." (Id. at 8.) |
| Claim Two: | "Hall's trial counsel was ineffective because he failed to quash the indictment on double jeopardy grounds." (Id. at 10.) |
| Claim Three: | "Hall's trial counsel was ineffective because counsel failed to apprise Hall regarding his jury trial waiver." (Id. at 11.) |
| Claim Four: | "Trial counsel was ineffective because he failed 'to plan prepare and present a plausible defense for trial; which includes the quashing of the conspiracy to commit a felony charge.'" (Id. at 13.) |

B. **Analysis**

1. **Statute of Limitations**

Respondent contends that the federal statute of limitations bars Hall's claims. Section 101 of the Antiterrorism and

---

[2] This is the date that Hall states he placed his § 2254 Petition in the prison mailing system for mailing to this Court. The Court deems this the filed date. See Houston v. Lack, 487 U.S. 266, 276 (1988).

[3] The Court utilizes the pagination assigned to Hall's § 2254 Petition by the CM/ECF docketing system.

3

Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

> 1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> 2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### 2. Commencement and Running of the Statute of Limitations

The Supreme Court of Virginia denied Hall's petition for rehearing on March 7, 2014. Hall's convictions became final on Thursday, June 5, 2014, when the time to file a petition for a writ of certiorari expired. See Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Sup. Ct. R. 13(1) (requiring that a petition for certiorari should be filed within ninety days of entry of judgment by the state court of last resort or of the order denying discretionary review). The limitation period began to run on June 6, 2014, and 347 days of the limitation period elapsed before Hall filed his state petition for a writ of habeas corpus on May 19, 2015.

### 3. No Entitlement to Statutory Tolling

To qualify for statutory tolling, an action must be a (1) properly filed (2) post-conviction or other collateral review of (3) the pertinent judgment. 28 U.S.C. § 2244(d)(2). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). These rules and laws "usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and

5

office in which it must be lodged, and the requisite filing fee." Id. (footnote omitted) (citing cases).

The Circuit Court dismissed Hall's state habeas petition as untimely filed. Hall v. Commonwealth, No. CL15005310-00, at 2 (Va. Cir. Ct. Oct. 9, 2015). A petition that is denied by a state court as untimely is not "properly filed" within the meaning of the AEDPA. Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) (citation omitted) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."). Because Hall's state habeas petition was not properly filed, Hall lacks entitlement to statutory tolling for the period in which he pursued his untimely state habeas petition in the Circuit Court. See Butler v. Johnson, No. Civ.A. 2:05CV51, 2006 WL 73610, at *4 (E.D. Va. Jan. 11, 2006) (finding that petitioner was not entitled to statutory tolling for the time that his untimely habeas petition and appeal from the circuit court's decision were pending).[4]

---

[4] In his § 2254 Petition, Hall appears to contend that he is entitled to statutory tolling under § 2244(d)(2) because "he did not receive notice of the [Supreme Court of Virginia's denial of his petition for rehearing] until his appointed counsel contacted him via mail." (§ 2254 Pet. 21.) Given this argument, Respondent has "assume[d] without conceding that Hall is entitled to tolling during the pendency of the state petition." (Br. Supp. Mot. Dismiss 4, ECF No. 15.) The Supreme Court's decision in Pace precludes any presumption that an untimely states habeas petition warrants statutory tolling. Hall's argument is better addressed as one for equitable tolling

6

Accordingly, the limitation period began to run on June 6, 2014, and Hall had until June 6, 2015 to file his § 2254 Petition. Nevertheless, Hall failed to file his § 2254 Petition until February 14, 2016, approximately eight months after the limitation period expired. Because the limitation period ran for a total of 618 days, the action is barred by the statute of limitations unless Hall demonstrates entitlement to a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)-(D) or some equitable exception to the limitation period. In his § 2254 Petition, Hall appears to argue entitlement to equitable tolling.[5]

### 3. Equitable Tolling

The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace, 544 U.S. at 418). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" that demonstrate he fulfills both elements of the test. Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v.

---

of the limitation period. The Court addresses his argument infra in Part B.3.

[5] Neither Hall nor the record suggests any plausible basis for belated commencement under 28 U.S.C. § 2244(d)(1)(B)-(D).

7

Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)). Generally, the petitioner is obliged to specify "'the steps he took to diligently pursue his federal claims.'" Id. at 930 (quoting Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)).

In his § 2254 Petition, Hall appears to suggest that he is entitled to equitable tolling for the time period between March 7, 2014, when the Supreme Court of Virginia denied his petition for rehearing, and April 24, 2014, when counsel mailed Hall a letter notifying him of such denial. (§ 2254 Pet. 21.) Hall has provided a copy of counsel's letter notifying him of the denial of the petition for rehearing. (Id. Attach. 2, at 1, ECF No. 1-2.) Hall, however, has provided no evidence with respect to the date that he received counsel's letter.

First, Hall fails to demonstrate, as he must, that the delay in learning of the denial of his petition for rehearing prevented him from complying with the statute of limitations. Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000). "The word 'prevent' requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Id. (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990);

8

Fisher v. Johnson, 174 F.3d 710, 716 (5th Cir. 1999)). However, Hall fails to explain how this short delay, which occurred when the federal limitation period began running, prevented him from filing his § 2254 Petition on time. Rather, the record suggests that Hall had ample time after learning of the denial of his petition for rehearing to file his § 2254 Petition within the limitation period. Cf. Cleaton v. Clarke, No. 1:15Cv443 (LO/IDD), 2016 WL 4487861, at *7 (E.D. Va. Aug. 22, 2016) (concluding that petitioner was not entitled to equitable tolling for delay in receiving case file and trial transcript from counsel because petitioner "had ample time to make whatever use he wished of the transcript and file within the limitations period" (citing Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001); Valverde, 224 F.3d at 134)).

Moreover, even if the delay in receiving notice of the Supreme Court of Virginia's decision constituted extraordinary circumstances, Hall fails to demonstrate that he was acting diligently during this time period. Hall has not alleged any facts suggesting that he attempted to contact counsel during this period to determine the status of his petition for rehearing. Hall's failure to articulate his efforts to ascertain the status of his petition forecloses equitable tolling for this period. See Yang, 525 F.3d at 928 (quoting

9

Brown, 512 F.3d at 1307).[6] Hall's "languid pursuit of his claims after learning that [his petition for rehearing had been denied] precludes a finding of diligence." Hardy v. O'Brien, No. 3:09CV183-HEH, 2010 WL 724022, at *3 (E.D. Va. Mar. 2, 2010) (citations omitted). If Hall had any uncertainty about the timeliness of his federal petition, he should have filed "a 'protective' petition" with this Court to "stay and abey the federal habeas proceedings until state remedies [were] exhausted." Pace, 544 U.S. at 416 (citing Rhines v. Weber, 544 U.S. 269, 278 (2005)) (finding a showing of diligence may necessitate a filing of a protective petition in certain circumstances).

"Simply put, [Hall] fails to demonstrate some external impediment, rather than his own lack of diligence, prevented him from filing a habeas petition in a timely fashion." O'Neill v. Dir., Va. Dep't of Corr., No. 3:10CV157, 2011 WL 3489624, at *6 (E.D. Va. Aug. 9, 2011). Because Hall fails to demonstrate

---

[6] The Court notes that lack of knowledge of a court's decision may provide a basis for equitable tolling when the inmate acts diligently to seek information about his case. Ostrander v. Dir., Va. Dep't of Corr., No. 3:13CV634, 2014 WL 2170067, at *4 (E.D. Va. May 23, 2014) (citing Knight v. Schofield, 292 F.3d 709, 711 (11th Cir. 2002); Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000)). Here, however, Hall fails to allege any facts suggesting that he attempted to contact counsel during this period to determine the status of his petition for rehearing. Moreover, nothing in the record suggests that Hall acted diligently to pursue his claims upon learning of the denial of his petition for rehearing.

entitlement to equitable tolling, the statute of limitations bars his § 2254 Petition.

C. Conclusion

For the foregoing reasons, it is RECOMMENDED that the Court GRANT Respondent's Motion to Dismiss (ECF No. 13) and DISMISS Hall's claims. It is further RECOMMENDED that Hall's § 2254 Petition be DENIED and the action be DISMISSED.

Hall is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. See Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims, and it may also preclude further review or appeal from such judgment. See Carr v. Hutto, 737 F.2d 433, 434 (4th Cir. 1984).

The Clerk is DIRECTED to send a copy of the Report and Recommendation to Hall and counsel of record.

/s/ 
Roderick C. Young
United States Magistrate Judge

Date: December 20, 2016
Richmond, Virginia

11